pleadings as they now stand, the judgment must be affirmed.

OWEN, C. J., RAINEY, V. C. J., and JOHNSON, PITCHFORD, HIGGINS, and BAILEY, JJ., concur.

### MYERS v. SMITH.

No. 9906.—Opinion Filed Jan. 20, 1920.

Rehearing Denied March 9, 1920.

(Syllabus by the Court.)

**Quieting Title—Validity of Tax Deed.**

Affirmed upon the authority of Prowant v. Smith, No. 9905, 77 Okla. 257.

Error from District Court, Pawnee County; Conn Linn, Judge.

Action to quiet title by Nancy J. Myers against Isaac Smith. Judgment for defendant, and plaintiff brings error. Affirmed.

Orton & Moore, for plaintiff in error.

McCollum & McCollum, for defendant in error.

KANE, J. This cause is ruled by the opinion this day handed down in Eva S. Prowant v. Isaac Smith.

While this action was commenced and prosecuted by a different plaintiff against the same defendant, and involved the title to different lots, the lots were included in the same tax deed, and the questions presented for review are precisely the same in both cases.

In these circumstances the judgment of the trial court in this case must be affirmed upon the authority of Prowant v. Smith, supra.

OWEN, C. J., RAINEY, V. C. J., and JOHNSON, PITCHFORD, HIGGINS, and BAILEY, JJ., concur.

### CRAVEN v. SMITH.

No. 9907.—Opinion Filed Jan. 20, 1920.

Rehearing Denied March 9, 1920.

(Syllabus by the Court.)

**Quieting Title—Validity of Tax Deed.**

Affirmed upon the authority of Prowant v. Smith, No. 9905, 77 Okla. 257.

Error from District Court, Pawnee County; Conn Linn, Judge.

Action to quiet title by Minnie B. Craven against Isaac Smith. Judgment for defendant, and plaintiff brings error. Affirmed.

Orton & Moore, for plaintiff in error.

McCollum & McCollum, for defendant in error.

KANE, J. This cause is ruled by the opinion this day handed down in Eva S. Prowant v. Isaac Smith.

While this action was commenced and prosecuted by a different plaintiff against the same defendant, and involved the title to different lots, the lots were included in the same tax deed, and the questions presented for review are precisely the same in both cases.

In these circumstances the judgment of the trial court in this case must be affirmed upon the authority of Prowant v Smith, supra.

OWEN, C. J., RAINEY, V. C. J., and JOHNSON, PITCHFORD, HIGGINS, and BAILEY. JJ., concur.

### McKEE, Exec'r, et al. v. INTERSTATE OIL & GAS CO. et al.

### SMITH et al. v. SAME.

Nos. 8147 and 8994—Opinion Filed Jan. 6, 1920.

Rehearing Denied March 16, 1920.

(Syllabus by the Court.)

1. **Indians—Oil Lease on Indian Land—Foreclosure of Mortgage on Lessee's' Interest—Jurisdiction.**

   The district courts of this state have jurisdiction to foreclose a mortgage on the interest of the lessee in an oil and gas lease on Indian land in the Osage Nation while the land is held in trust by the United States, such action in no wise affecting the title of the Indian owners, and not contemplating an invasion of the province of the Secretary of the Interior to approve or disapprove any transfer of the lease, in case of transfer pursuant to a foreclosure sale.

2. **Mortgages—Foreclosure— Nonjoinder of Parties—Effect.**

   Nonjoinder of necessary parties in a foreclosure proceeding is not a jurisdictional defect as to parties before the court, any judgment rendered being merely inoperative as to the parties not joined.

3. **Judgment—Vacating—Necessity for Valid Defense.**

   In order to vacate a judgment rendered